**Edward SELFE, Intervenor-Appellant,**

v.

**Jane JOSEPH, Claire Tenneriello, Andrew D. Sinauer, As Trustee under the Will of Alan E. Sinauer, Barnet Stepak, Daniel F. Mahoney, Diana Panopoulos, Custodian, Plaintiffs-Appellees,**

**and**

**Shell Oil Company, Royal Dutch Petroleum Company, L.C. van Wachem, Peter Baxendell, S.P.N.V. Holdings, Inc., Shell Petroleum N.V. and the "Shell" Transport and Trading Company, p.l.c., Defendants-Appellees.**

Supreme Court of Delaware.

Submitted: Oct. 29, 1985.

Decided: Nov. 27, 1985.

Rehearing Denied Dec. 20, 1985.

Edward Selfe, pro se (argued).

Richard L. Sutton (argued) and Paul P. Welsh of Morris, Nichols, Arsht & Tunnell, Wilmington; and Cravath, Swaine & Moore, of counsel, New York City; for defendant-appellee SPNV Holdings, Inc.

Joseph A. Rosenthal (Argued), Morris & Rosenthal, Wilmington; and Abbey & Ellis; Lowey, Dannenberg & Knapp; Wolf, Popper, Ross, Wolf & Jones, of counsel, New York City; for plaintiffs-appellees.

R. Franklin Balotti, Richards, Layton & Finger, Wilmington, for defendant-appellee Shell Oil Co.

Before McNEILLY, HORSEY and MOORE, J.

PER CURIAM:

Intervenor Edward Selfe, the owner of 100 shares of common stock of Shell Oil

Company ("Shell"), appeals the opinion and judgment of the Court of Chancery approving, after hearing under Chancery Rule 23(e), settlement of six consolidated class action suits in which he was not a party litigant.

Selfe, the only remaining objector pursuing an appeal, seeks modification (not rejection) of the settlement. He objects to the dismissal with prejudice provisions of the settlement being extended to non-tendering stockholders who dissent from the short-form merger and elect to have their stock appraised under 8 *Del.C.* § 262. Selfe's stated objection was that since such shareholders receive "no benefit" from the settlement, they should not be barred in an appraisal action from asserting claims for breach of fiduciary duty relating to the tender offer and the proposed merger.

The suit, brought by minority stockholders of Shell (hereafter "plaintiff"), arose out of the efforts of the Royal Dutch Shell Group of companies, the owner for many years of approximately 70% of the Shell stock, to acquire the remaining outstanding shares of Shell.

Plaintiffs sought injunctive relief against a tender offer and contemplated short form of merger by SPNV Holdings, Inc. ("Holdings"), a Delaware subsidiary, and then-owner of the controlling shares of Shell, to acquire the remaining shares of Shell at $58 per share. The principal complaints were: unfairness of price, unfair dealings and inadequate proxy disclosure of relevant information to Shell's minority stockholders.

In May 1984, the Court granted, in part, plaintiffs' application for injunctive relief. *Joseph v. Shell Oil Co.*, Del.Ch., 482 A.2d 335 (1984). The thrust of the Court's opinion was that while $58 per share appeared not to be a fair price, the $75 per share sought by Shell's special committee of outside directors appeared excessive. The Court recommended that new fairness studies be undertaken by both sides and directed that all shareholders who had tendered be given an opportunity to rescind.

Of the 78,277,566 shares tendered, shareholders holding less than ½ of 1%, or 363,000 shares, later elected to rescind tender of their shares at $58. The Court refused to enjoin Holdings from later seeking to acquire the remaining outstanding shares; and after completion of the rescission offer, Holdings held 94.6% of Shell's outstanding shares.

Following plaintiffs' filing of a Third Consolidated Amended and Supplemental Complaint, settlement was reached seven months later on the eve of trial after "very substantial" discovery and "intensive arms-length negotiations." The settlement calls for cash payments to class members of approximately $190,000,000, said to be the largest ever achieved in a securities class action. This sum provides an additional $2 per share for all members of the subclass of Shell stockholders who accepted the $58 tender offer and an additional $2 per share for the other subclass of non-tendering stockholders who, in the forthcoming short-form merger at $58 per share, waive their statutory right to opt for a court appraisal of their shares.

The consideration for payment of the aforesaid sums is the release by all plaintiffs and members of both classes of all defendants and the dismissal *with prejudice* of all claims arising from or related to the subject matter of the consolidated actions (the "Settled Claims"). Thus, the release and dismissal applies to a non-tendering stockholder who opts for a court appraisal; and he may not include in such appraisal any claim for breach of fiduciary duty encompassed within the Settled Claims.

Selfe's written objection filed with the Court of Chancery was confined to the last mentioned provision of the settlement. He had no objection to the settlement consideration of $2 per share for the subclass of stockholders who tendered and did not rescind; nor did he object to the $58 plus $2 to be paid the subclass of non-tenderers who waive their appraisal rights in the short-form of merger. Selfe simply argued

that the settlement was unfair to those non-tendering stockholders who exercise their right to a statutory appraisal. His sole basis for objection was that dissenting non-tenderers receive "no benefit" from the settlement.

Selfe then proposed that the terms of settlement be modified as to the subclass of stockholders who "remain threatened by the proposed short-form merger" and that, as to them:

[a] fair and reasonable settlement for such subclass would be a short-form merger at $60 per share with the stockholders who dissent retaining all statutory appraisal rights in the short-form merger except that claims for breach of fiduciary duty could not be included in the appraisal proceedings.

The Court rejected Selfe's proposed modification as based on a misunderstanding of the opportunity offered non-tendering shareholders and of the appraisal process; and the Court then approved the settlement as being, in its business judgment, intrinsically fair to all members of the class, including both subclasses. *Joseph v. Shell Oil Co., supra.* Selfe then docketed this appeal.

Selfe's proposal is clearly of no benefit either to Shell stockholders who have tendered and not rescinded nor to the non-tendering stockholders who in the short-form of merger waive their appraisal rights. They are entitled to $60 per share in either event.

Selfe's proposal is also of no benefit for non-tenderers who elect appraisal. Raising the cash-out merger price from $58 to $60 per share as Selfe proposes is pointless. By opting for the appraisal remedy, dissenting shareholders cannot receive the cash-out price; and what they will eventually receive for their shares will depend upon the Court's determination of the appraised value of their shares under 8 *Del.C.* § 262. *Weinberger v. UOP, Inc.,* Del. Supr., 457 A.2d 701, 703 (1983).

The contention that the non-tendering shareholders who elect appraisal receive no benefit from the settlement must be rejected. The opportunity afforded them to waive their appraisal rights and receive $60 per share is clearly a benefit resulting from the settlement, as the Court below found. *Joseph v. Shell Oil Co., supra* at 341. The election of an alternative remedy under section 262 does not negate the fact that the settlement produced a benefit for the subclass of Shell stockholders who have not tendered their stock before the short-form merger.

The Court's implicit finding that the monetary benefit created by the settlement justified dismissal with prejudice of the Settled Claims must be affirmed as supported by the record. *See Neponsit Inv. Co. v. Abramson,* Del.Supr., 405 A.2d 97 (1979). It is clear that no settlement fund of this magnitude would have been created for the benefit of objector's subclass if any of the underlying claims for relief were permitted to survive for assertion under section 262.

Selfe's remaining arguments on appeal were not fairly raised at the settlement hearing. Those arguments include a contention that the settlement "coerces a stockholder into waiving rights of appraisal" in the manner of a front-end loaded tender offer. The analogy is not apt since all stockholders who waive their appraisal rights will ultimately receive the same amount, $60 per share. We decline to consider the remaining arguments because not timely raised. Supreme Court Rule 8.

Objector Selfe has failed to carry his heavy burden of showing that the Court of Chancery abused its discretion in rejecting the proposed modification of the settlement.

\* \* \* \* \* \*

Affirmed.